### BROWN et al. v. HELMUTH.

(Superior Court of New York City, General Term. January 3, 1893.)

BROKERS—COMMISSIONS—SALE OF LAND.

Where a real-estate broker has found a purchaser for his principal's land, and a contract of sale has been executed by the parties, he is entitled to his commission, even though the sale is never consummated.

Appeal from jury term.

Action by Joseph R. Brown and others against Fannie I. Helmuth for brokerage commissions. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

L. Laflin Kellogg, for appellant.

James J. Thompson, for respondents.

GILDERSLEEVE, J. Plaintiffs obtained a purchaser for the defendant's house. The purchase price was agreed upon between the purchaser and defendant, and at defendant's request the plaintiffs prepared the contract of sale, which was duly executed by the purchaser and defendant, whereupon the defendant was paid and received $2,000 on account of the purchase money. These facts are established by competent and sufficient evidence, and they clearly entitle the plaintiffs to their legal commission, to wit, 1 per cent. of the purchase price. When the contract was signed, the plaintiffs' commission was earned, and it was due to the plaintiffs from the defendant, unless some culpable acts of plaintiffs can be shown to defeat their claim. There is no evidence that warrants the imputation to plaintiffs of fraud or deceit in bringing about the execution of the contract. The plaintiffs' claim is not barred upon that ground. The defendant, however, does assert that the failure to complete the sale of the premises was due to the negligent and careless manner in which the contract was drawn by the plaintiffs. The acts of negligence charged consist of the omissions from the contract of the restrictions contained in the deed to the premises. These omissions, the defendant alleges in her answer, were the reasons given by the purchaser for rejecting the title and refusing to complete the purchase. The alleged acts of negligence are made the basis of a counterclaim. One of the errors assigned by the learned counsel for the defendant is that the trial judge improperly dismissed the counterclaim. This contention is not tenable, for the reason that there is no evidence whatever to support the counterclaim. Had it been submitted to the jury, and had the jury, upon the evidence, as it stands on the record, found in favor of the defendant on the counterclaim, it would have been the duty of the court to set aside the verdict for the want of evidence to support it. We find no exceptions to the admission or exclusion of evidence that call for a reversal, and we think the charge of the learned trial judge, when taken as a whole, left such issues as there were in the case properly to the jury. The judgment and order appealed from must be affirmed, with costs. All concur.